GERARD C. RICKHOFF  DONNA KAY McKINNEY

## COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2016CI21739

**Name**: ANTONIA GRATTON

**Date Filed** : 12/21/2016

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 438

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : ANTONIA GRATTON

**Style (2)** : vs METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS ET



EXHIBIT
tabbies
A

# Case History

*Currently viewing 1 through 4 of 4 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00003 | 1/16/2017 | ORIGINAL ANSWER OF<br>METROPOLITAN LLOYDS INSURANCE COMPANY OF<br>TEXAS |
| S00001 | 12/22/2016 | CITATION CERTIFIED MAIL<br>METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS<br>ISSUED: 12/22/2016 RECEIVED: 12/22/2016<br>EXECUTED: 12/29/2016 RETURNED: 1/4/2017 |
| P00002 | 12/21/2016 | SERVICE ASSIGNED TO CLERK 1 |
| P00001 | 12/21/2016 | PET FOR HAIL DAMAGE RESIDENTIAL |

FILED
12/21/2016 12:30:01 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

citcml/sac1

CAUSE NO. **2016CI21739**

| | | |
|---|---|---|
| ANTONIA GRATTON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS AND | § | |
| TERRI NEWBERRY | § | |
| | § | |
| Defendants. | § | 438th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Antonia Gratton (hereinafter referred to as "Plaintiff") and files this

*Plaintiff's Original Petition and Request for Disclosures*, complaining of Metropolitan Lloyds

Insurance Company of Texas ("MetLife") and Terri Newberry ("Newberry"), or collectively,

"Defendants", and for her causes of action, Plaintiff would respectfully show unto this

Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas
    Rules of Civil Procedure. This case involves complex issues and will require extensive
    discovery. Therefore, Plaintiff requests the Court order that discovery be conducted in
    accordance with a discovery control plan tailored to the particular circumstances of this
    suit.

### PARTIES

2.  Plaintiff Antonia Gratton is an individual residing in Bexar County, Texas.

3.    Upon information and belief, Defendant MetLife is a "domestic" insurance company engaged in the business of insurance Texas but located in Warwick, Rhode Island. This Defendant may be served with legal process through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.    Upon information and belief, Defendant Terri Newberry is an individual residing in and domiciled in Freeport, Illinois, and may be served with personal process at her residence when the same is presented during discovery, or wherever she can be found.

## JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $100,000 but not more than $200,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant MetLife because this defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant Newberry because this individual is in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's acts and omissions in the State of Texas.

## VENUE

8.    Venue is property in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

*Plaintiff's Original Petition and Request for Disclosures*

## FACTS

9.   Plaintiff is an owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by MetLife, under the Policy Number 7403726260.

10.  Plaintiff owns the insured property, which was specifically located at 7510 Meadow Green Street, San Antonio, Texas 78251, which is situated in Bexar County (hereinafter referred to as "the Property").

11.  MetLife sold the Policy insuring the Property to Plaintiff.

12.  On or about April 12, 2016, while Plaintiff's policy was in full force and effect, a wind and hail storm ("the Storm") struck Bexar County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's Property. Specifically, Plaintiff's multi-faceted roof and accompanying roofing components sustained extensive damage during the Storm. Additionally, the hail struck and damaged other structures, including Plaintiff's shed.

13.  Plaintiff submitted a claim to MetLife against the Policy as referenced in paragraph 9 above, for Roof damage and Exterior damage to her home and other structures as a direct result of the Storm.

14.  Plaintiff asked MetLife to cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the multi-faceted roof, roofing components, repair of the exterior damage to the Property, as well as the damaged shed, pursuant to the Policy.

15.  MetLife acknowledged receipt of Plaintiff's Property loss claim and designated the same as claim number JDG11541 O4 ("the Claim").

16.  Defendant MetLife assigned adjuster Terri Newberry ("Newberry") to adjust the Claim. This adjuster improperly trained and/or supervised and failed to perform a thorough

investigation of Plaintiff's Claim.   Specifically, Newberry conducted a substandard inspection of Plaintiff's Property. The inadequacy of Newberry's inspection is evidenced by her letter, dated July 14, 2016, which acknowledged that Plaintiff reported the hail damage to her Property, but claimed there was "no evidence of wind or hail damage." Additionally, Newberry's letter of July 27, 2016 denied coverage altogether, stating Plaintiff only had her automobile insurance through MetLife, despite the clear coverage under the Policy. MetLife and Newberry failed to account for the full extent of Plaintiff's damages covered by the insurance policy.

17.   Ultimately, Newberry's inadequate inspection of Plaintiff's Property did not allow insurance benefits to cover the costs of repairs for the damages sustained by Plaintiff during the Storm. This inadequate investigation was relied upon by MetLife in this action and resulted in Plaintiff's claim being improperly adjusted and denied.

18.   As a result of Defendants' wrongful acts and/or omissions set forth above and further described herein, Plaintiff was denied coverage of her claim and has suffered damages.

19.   Together, Defendants MetLife and Newberry conspired and set about to deny sufficient coverage on properly covered damages.   Defendants MetLife and Newberry misrepresented to Plaintiff that the Policy would cover damages sustained to the Property's roof and its accompanying components in the event of a wind and/or hail storm. However, when Plaintiff filed a claim after the Storm, Defendants claimed that Plaintiff's Policy did not cover damage to her home at all. Thereafter, Defendant MetLife failed to provide coverage for the damages sustained by the Property, thereby denying payment on Plaintiff's claim. As a result of Defendants' wrongful acts and/or omissions set forth above

and further described herein, Plaintiff was denied coverage of her claim and has suffered damages.

20.     The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

21.     As detailed in the paragraphs below, Defendant MetLife wrongfully denied Plaintiff's claims for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

22.     To date, Defendant MetLife continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid for the damages to her Property.

23.     Defendant MetLife failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant MetLife refused to pay proceeds due under the Policy, although demand was made for proceeds to be paid in an amount sufficient to cover the damaged property.     Defendant MetLife's conduct constituted a breach of the insurance contract between Defendant MetLife and Plaintiff.

24.     Defendants misrepresented to Plaintiff that her Property damages were not the result of the Storm damages to the Property. Defendants' conduct constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

25.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of MetLife's liability to Plaintiff under the Policy. Defendant MetLife's conduct constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

26.   Defendants failed to offer Plaintiff reasonable compensation under the Policy. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any reasonable explanation for the failure to adequately settle Plaintiff's claim. The conducts of Defendants were a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

27.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. The conduct of Defendants constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

28.   Defendants refused to allow sufficient compensation to Plaintiff, under the terms of the Policy, even though Defendant Terri Newberry failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conducts of Defendants constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

29.   Defendant MetLife failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant MetLife's conduct constituted a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

30. Defendant MetLife failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant MetLife's conduct constituted a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

31. Defendant MetLife failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received payment for her claim. Defendant MetLife's conduct constituted a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

32. From and after the time Plaintiff's claim was presented to Defendant MetLife, the liability of Defendant MetLife to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant MetLife has refused to pay Plaintiff, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant MetLife's conduct constituted a breach of the common law duty of good faith and fair dealing.

33. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

34. As a result of Defendants' wrongful acts and/or omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

## CAUSES OF ACTIONS:
### CAUSES OF ACTION AGAINST DEFENDANT METLIFE

35.    Defendant MetLife is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

36.    Defendant MetLife's conduct constituted a breach of the insurance contract made between Defendant MetLife and Plaintiff.

37.    Defendant MetLife's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, which constituted a breach of Defendant MetLife's insurance contract with Plaintiff.

### BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

38.    From and after the time the Plaintiff's claim was presented to the Defendant MetLife, the Defendant's liability to pay the claim in accordance with the terms of the insurance policy was reasonably clear. Despite there being no basis on which a reasonable insurance company would have relied to deny payment of the Plaintiff's claim, the Defendant MetLife refused to accept the claim and pay the Plaintiff as the policy required.

39.    At that time, the Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, the Plaintiff will show that the Defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

40.  Consequently, the Defendant breached its duty to deal fairly and in good faith with the Plaintiff. The Defendant's breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff as more specifically described below.

41.  Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from the Defendant's gross negligence, malice or actual fraud, which entitles Plaintiff to exemplary damages under *Texas Civil Practice and Remedies Code §41.003(a)* in an amount to be assessed by the trier of fact.

## CAUSES OF ACTIONS AGAINST DEFENDANTS METLIFE AND TERRI NEWBERRY

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

42.  Defendant MetLife hired and/or assigned Defendant Terri Newberry as the individual claims adjuster to investigate and adjust the claim on Defendant MetLife's behalf.

43.  During her investigation, Defendant Terri Newberry failed to properly assess Plaintiff's property damage. Specifically, during her investigation, Defendant Terri Newberry spent an inadequate time investigating whether Plaintiff's damages were covered under the Policy. As a result of the inadequate and substandard investigation, Defendant Terri Newberry failed to fully account for all of the covered damage to the Property, such as the Plaintiff's multi-faceted roof and roofing components, as well as Plaintiff's other structures, namely, Plaintiff's shed. Defendants' conduct constituted multiple violations of the Texas insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.151.

44.  Defendant Terri Newberry is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Defendant MetLife, because Defendant Terri Newberry is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any *individual*, corporation, association, partnership,

reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

45. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Newberry's misrepresentations by means of deceptive conducts include, but are not limited to, (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff had no covered damage when in-fact there was (i.e. the multi-faceted roof, roofing components, exterior damage, and personal property damage); (3) using her own statements about the non-severity of the damages as a basis for denying properly covered damages; and (4) failing to provide an adequate explanation for giving no compensation for Plaintiff's claims. Defendant Newberry's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

46. Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constituted an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

47.    The unfair settlement practices of Defendants' as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

48.    Defendants did not adequately explain why damages were not being covered under the Policy, despite the extensive damage to the Property as a result of the Storm. Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constituted an unfair method of competition and an unfair and deceptive act of practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

49.    Defendants' deceptive acts and omissions of misrepresenting an insurance policy by making false and misleading statements of material fact, and making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(1)-(3), (5).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50.    Defendant MetLife's conduct constituted multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

51. Defendant MetLife's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

52. Defendant MetLife's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

53. Defendant MetLife's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of Plaintiff's claim, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54. Defendant MetLife's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

55. Defendant MetLife's unfair settlement practice, as described above, of refusal to pay Plaintiff's claim without conducting a reasonable investigation, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

56.  Defendant MetLife's conduct constituted multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

57.  Defendant MetLife's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constituted a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

58.  Defendant MetLife's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constituted a non-prompt payment of the claim. TEX. INS. CODE §542.056.

59.  Defendant MetLife's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constituted a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

60.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Terri Newberry is and was an agent of Defendant MetLife based on Defendant MetLife's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, selling insurance, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

61.     Separately, and/or in the alternative, as referenced and described above, Defendant MetLife ratified the acts, negligent hiring and training, supervision and/or omissions of Defendant Terri Newberry, including the completion of her duties under the common law and statutory law.

## DTPA VIOLATIONS

62.     Defendants' conducts constituted multiple violations of the Texas Deceptive Trade Practice Act ("DTPA"), TEX. BUS. & COM. CODE 17.41-63. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. TEX. BUS. & COM. CODE 17.50(a). In the alternative, Plaintiff is a claimant for Defendants' violations of the Texas Insurance Code pursuant to the DTPA. TEX. BUS. & COM. CODE 17.50(h). Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, but are not limited to the following:

    a.  By Defendants' acts, omissions, failures and conduct that are described in the above, Defendants have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Accordingly, Defendants' violations include, but are not limited to, (a) unreasonably delays in the investigation, adjustment, and

resolution of Plaintiff's claim, (b) failure to give Plaintiff the benefit of the doubt, and (c) failure to pay for the proper repair of the Property on which liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2);

b. Defendant MetLife represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA;

c. Defendant MetLife represented to Plaintiff that Defendant MetLife's insurance policy and adjusting services were of a particular standard, quality, or grade when they were of another in violation of section 17.46(b)(7) of the DTPA;

d. Defendant MetLife advertised the insurance policy and adjusting services with intent not to sell them as advertised in violation of section 17.46(b)(9) of the DTPA;

e. Defendants breached an express warranty made by Defendant MetLife that the damages caused by the wind and/or hailstorm would be covered under the Policy. Defendants then falsely claimed that the Policy did not contain coverage for wind and hail damage to Plaintiff's home, before ultimately denying her claim altogether. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

f. Defendants' actions are unconscionable in that Defendants' actions took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly

unfair degree. Defendants' unconscionable conduct give Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

g.  Defendants' conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

## FRAUD

63.  Defendants are each individually liable to Plaintiff for common law fraud.

64.  Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as she did, and Defendants knew the representations were false or made recklessly without any knowledge of the truth as a positive assertion.

65.  Defendants made their statements intending that Plaintiff should act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## KNOWLEDGE

66.  Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

67.  Plaintiff would show that all of the aforementioned acts, taken together or singularly, constituted the producing causes of the damages sustained by Plaintiff.

68.  As previously mentioned, the damages caused by the April 12, 2016, Storm have not been properly addressed nor repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to the Plaintiff. These damages are

a direct result of all of the Defendants' mishandling of Plaintiff's claim in violation of the laws set forth herein.

69. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

70. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

71. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

72. For violations of the DTPA, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three times her actual damages.

73. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUEST FOR DISCLOSURE

74.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendants MetLife and Terri Newberry each disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

·   Respectfully submitted,

CHRISTOFFEL LAW GROUP/P.L.L.C.

By:

David A. Christoffel
State Bar of Texas Number: 24065044
ChristoffelLawGroup@Gmail.com
1322 Space Park Drive, Suite C105-B
Houston, Texas 77058    ·
Telephone: (281) 429-8402
Facsimile: (281) 429-8403
*ATTORNEY FOR PLAINTIFF*
*ANTONIA GRATTON*

FILED
1/16/2017 2:51:12 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Larry Botello Jr.

Removal
Copy -
DL - 1-27

CAUSE NO. 2016CI21739

ANTONIA GRATTON,                    §        IN THE DISTR

                                    §

        Plaintiff,                  §

                                    §

v.                                  §

                                    §        BEXAR COUN11, 1EAA3

METROPOLITAN LLOYDS                 §

INSURANCE COMPANY OF TEXAS          §

AND TERRI NEWBERRY,                 §

                                    §

        Defendant.                  §        438TH JUDICIAL DISTRICT

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and

files this Original Answer, and in support thereof would respectfully show this Honorable Court

the following:

## I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's

Original Petition, and says that the same are not true in whole or in part, and demands strict proof

thereof by a preponderance of the evidence.

## II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure,

Defendant alleges the following affirmative defenses:

Defendant alleges all of the terms and provisions of the policy of insurance issued to the

Plaintiff, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1.      **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling,
        **we** cover:

---

**DEFENDANT METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS' ORIGINAL ANSWER - PAGE 1**

A.  the dwelling owned by **you** on the **residence premises**; and
B.  structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

## COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
We cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

## CAUSES OF PROPERTY LOSS
## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

### LOSS DEDUCTIBLE CLAUSE
We will pay only when a loss exceeds the deductible amount shown in the Declarations. We will pay only that part of the loss over such stated deductible.

### COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

### COVERAGE C - PERSONAL PROPERTY
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.  **Windstorm or Hail**

    We do not pay for loss to the interior of a building or to personal property inside,
    caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the
    roof or walls and the wind forces rain, snow, sleet, sand or dust through the
    opening.

    * * *

### SECTION I - LOSSES WE DO NOT COVER

1.  We do not insure for loss caused directly or indirectly by any of the following.
    Such loss is excluded regardless of any other cause or event contributing
    concurrently or in any sequence to the loss. These exclusions apply whether or
    not the loss event results in widespread damage or affects a substantial area.

    * * *

    D.  **Water damage,** meaning any loss caused by, resulting from, contributed
        to or aggravated by:

        1. ⁄  flood, surface water, waves, tidal water or overflow of any body
            of water, or spray from any of these, whether or not driven by
            wind;

3.  We do not cover loss or damage to the property described in Coverage A and
    Coverage B which results directly or indirectly from any of the following:

    A.  wear and tear, marring, scratching, aging, deterioration, corrosion, rust,
        mechanical breakdown, latent defect, inherent vice, or any quality in
        property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the

terms and conditions of the insurance policy issued by Metropolitan to the Plaintiff. Specifically,

the subject insurance policy provides as follows:

### SECTION 1 - CONDITIONS

...

2.  **What you Must do After a Loss. We** have no obligations to provide coverage
    under this policy if **you** or **your** representative fail to comply with the following
    duties and the failure to comply is prejudicial to **us:**

    A.  Promptly notify **us** or **our** representative.
        ...

    B.      Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

    C.      Cooperate with us in the investigation of a claim.

          ...

    E.      At any reasonable time and place **we** designate, and as often as **we** reasonably require:

        1.      show **us** the damaged property;

        2.      submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

          ...

Pleading further, Plaintiff failed to promptly repair the roof of the subject property and based upon information and belief, has not performed necessary repairs to the property.

## III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By:   Dennis D. Conder
      State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the $\frac{16^{th}}{}$ day of January, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiff's counsel of record.

_____
Dennis D. Conder

PAN/PLDG/579456.1/001466.16942